1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  ███████████████████████, a minor,   )   Case No. 3:12-cv-2444-GPC-MDD
    and███████████████████, her natural  )
12  guardian,                            )   **REDACTED ORDER:**
                                         )
13                                       )   **(1) GRANTING MOTION FOR**
                  Plaintiff,             )   **EXTENSION OF TIME TO FILE;**
14                                       )
                                         )   **(2) DENYING MOTION TO**
15  v.                                   )   **PROCEED IN FORMA**
                                         )   **PAUPERIS AS MOOT;**
16                                       )
                                         )   **(3) DENYING MOTION TO**
17                                       )   **APPOINT COUNSEL;**
    CALIFORNIA REGENTS SAN               )
18  DIEGO STATE UNIVERSITY et al.,       )   **(4) REQUIRING GUARDIAN TO**
                                         )   **RETAIN COUNSEL**
19                                       )
                  Defendants.            )   **(ECF NOS. 11, 12, 13, 16, 17, 18)**
20                                       )
    _____     )
21

22       On October 9, 2012, ███████████████ ("Plaintiff") filed a complaint on behalf of

23  her minor daughter. (ECF No. 1.)  The Complaint alleges Plaintiff's minor daughter

24  suffered sexual and physical abuse by various defendants. (*Id.*)  On the same date,

25  Plaintiff filed an ex parte motion to seal the case, along with a request for appointment

26  of counsel. (ECF Nos. 3, 4.)  On November 15, 2012, Plaintiff filed a motion to

27  proceed in forma pauperis. (ECF No. 2.)

28       On November 27, 2012, this Court granted in part Plaintiff's Ex Parte Motion

1  to Seal Case.  (ECF No. 5, 6.)  In the order on Plaintiff's Ex Parte Motion to Seal Case,

2  the Court required all existing documents to be filed under seal and further required

3  two versions of all future documents to be filed: one sealed version and one redacted

4  version to be publicly available.  (*Id.*)  The Court further directed Plaintiff to file an

5  amended complaint and amended versions of her Civil Cover Sheet, Motion to Proceed

6  in Forma Pauperis, and Request for Appoint of Counsel using her minor daughter's true

7  name by December 7, 2012.[1]  (*Id.*)  The Court directed Plaintiff to file sealed and

8  redacted versions of those documents.  (*Id.*)

9       On February 12, 2013, Plaintiff filed sealed and redacted versions of the

10  amended documents, along with a request for extension of time, given that the deadline

11  to file those documents had passed.  (ECF Nos. 10, 11, 12, 13, 15, 16, 17, 18.)

12  **I.     Motion for Extension of Time to File**

13       Good cause appearing, Plaintiff's Motion for Extension of Time to File, (ECF

14  Nos. 11,18), is **GRANTED**.

15  **II.     Motion to Proceed in Forma Pauperis**

16       All parties instituting any civil action, suit or proceeding in a district court of the

17  United States, except an application for writ of habeas corpus, must pay a filing fee of

18  $350.00.  *See* 28 U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure

19  to prepay the entire fee only if the plaintiff is granted leave to proceed in forma

20  pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177

21  (9th Cir. 1999).

22       On October 9, 2012, Plaintiff paid the required $350.00 filing fee. (*See* ECF No.

23  1.) Thus, because Plaintiff has paid the filing fee, and because Plaintiff has not

24  requested service of process by the U.S. Marshal Service, it is unnecessary for the

25  Court to address Plaintiff's Motion to Proceed in Forma Pauperis.  Accordingly,

26  Plaintiff's Motion to Proceed in Forma Pauperis, (ECF Nos. 12, 17), is **DENIED AS**

27  **MOOT**.

28

[1] Plaintiff filed the initial complaint using a pseudonym ("Jane Doe") for her minor daughter.

**III.    Request for Appointment of Counsel**

In an in forma pauperis action, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The decision whether to appoint counsel is within the discretion of the court and is "granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)).    The determination of exceptional circumstances "requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate [her] claims in light of the complexity of the legal issues involved." *Id.* (citations omitted).  "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991).

As an initial matter, because the Court denies Plaintiff's Motion to Proceed in Forma Pauperis, Plaintiff is not entitled to appointment of counsel.  Moreover, based on a review of Plaintiff's First Amended Complaint, the Court finds Plaintiff has little to no likelihood of success on the merits of her claims.  Plaintiff's allegations are based on a purported "multidimensional sexual experience," described as "mind f\*\*king" that Plaintiff allegedly first suffered while a student at San Diego State University sometime between 1981 and 1986.  Plaintiff alleges Defendants are engaged in a "cycle of energy vampirism, predatorial or parasitic lifestyle or demonic possession," dependant "upon locating human hosts for their survival."  The Court thus finds Plaintiff's allegations are wholly fantastical and therefore frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (U.S. 1989).  Accordingly, the Court **DENIES** Plaintiff's Request for Appointment of Counsel.  Further, because "a parent or guardian cannot bring an action on behalf

/ / /

/ / /

/ / /

/ / /

of a minor child without retaining a lawyer," *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877-78 (9th Cir.), the Court will give Plaintiff until **June 7, 2013**, to retain counsel.  If Plaintiff fails to do so by that date, this case will be **DISMISSED WITH PREJUDICE**.  *See Johns*, 114 F.3d at 877-78.

    **IT IS SO ORDERED.**

DATED:  May 13, 2013

HON. GONZALO P. CURIEL
United States District Judge